**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN MARSHALL SPENCE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:17-cv-01595 (CSH) |
| ) | |
| v. ) | |
| ) | **MARCH 30, 2022** |
| WARDEN FAUCHER, ) | |
| ) | |
| Defendant. ) | |

<u>**MEMORANDUM AND OPINION ON PETITIONER'S AMENDED MOTION FOR**</u>
<u>**RECONSIDERATION [DOC. 24]**</u>

Petitioner John Marshall Spence ("Spence"), proceeding *pro se*, brings a motion designated

as an as an "Amended Motion to Reconsider Judgment."  This decision resolves it.

## I.   BACKGROUND

### A.  Genesis of this Action and Denial of Plaintiff's Initial Habeas Petition

On September 23, 2013, following a trial before a jury in the Connecticut Superior Court

for the Judicial District of Fairfield, Spence was found guilty on charges of possession of child

pornography.  Doc. 15 at 1.  He was sentenced to a term of imprisonment of eighteen years,

execution suspended after nine years, followed by twenty years of probation with special

conditions.  *Id.*  Spence challenged his conviction on direct appeal.  *Id.*  The Connecticut Appellate

Court affirmed the conviction, and the Connecticut Supreme Court denied certification to appeal.

*Id.* at 2.  Spence then filed a petition for a writ of habeas corpus in state court.  *Id.*  This petition

was declined as the relief requested was not available.  *Id.*

On September 17, 2017, Spence commenced a federal habeas action before this Court (the

"Initial Habeas Action").  *See* Doc. 1.  The Court observed:

1

Spence raises four grounds for habeas relief. The first ground is entitled, "the petitioner police encounter on the day of arrest," Pet., Doc. 1 at 9, and asserts that Spence's *Miranda* rights were violated on the day of his arrest. Specifically, Spence states that he was "questioned on the day of 6/13/2012, in [his] home, and an incriminating question was posed to [him] with the hopes of a response, but the officer before questioning was started, failed to administer pre-*Miranda* warnings, leaving the Petitioner in a state where [he] had no choice but to answer, incriminating [himself] in the process." *Id.*

Spence's second ground for review is labeled, "the Connecticut Appellate Court's decision to affirm the Petitioner's conviction." *Id.* at 11. Spence contends that the Connecticut Appellate Court's decision to affirm the conviction "should be revisited," in light of recent changes to the "rules to police encounters in this state." *Id.* Spence's third ground is entitled: "The state supreme court's denial of petition for appeal." *Id.* at 13. Spence argues that the "state supreme court's denial of the petitioner's application, knowing the substance or subject matter of what argument the petitioner raised, was somewhat prejudicial due to the possible implications a decision in the petitioner's favor could pose." *Id.* (sic). The fourth and final ground raised by Spence is labeled: "The state habeas corpus denial of the petitioner application to obtain a writ of habeas corpus." *Id.* at 15. On this last ground, Spence states that his state habeas petition was filed, and was given a docket number, but was denied "days later and the writ returned to the petitioner, stating that the petitioner's argument was not listed in the state of Connecticut's practice book." *Id.*

The Respondent argues that the petition should be denied. Specifically, Respondent contends that the first two grounds that Spence raises are intertwined and are without merit, as the state court applied the correct law and reasonably decided the *Miranda* issue. Respondent also argues that the third and fourth grounds for relief are state law issues and thus do not present cognizable grounds for habeas relief.

Doc. 15 at 5-6.

On June 7, 2018, the Court denied Spence's petition for writ of habeas corpus on all four grounds ("Initial Habeas Petition Denial"). First, the Court applied the "highly deferential standard for evaluating state-court rulings" articulated by 28 U.S.C. § 2254(d). *Id.* at 14 (citing *Woodford*

*v. Visciotti*, 537 U.S. 19, 24 (2002)).  The Court found that "the state court's decision that Spence was not in custody, and consequently, that no *Miranda* warnings were necessary 'fits within the matrix' of Supreme Court precedent . . . accordingly, the state court's decision falls within the bounds of reason." *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004)).  Therefore, the Court denied Spence's petition for writ of habeas corpus on the first ground.  The Court denied Spence's second ground for relief because it rested on a claimed error of state law, and "failure to follow state law precedent does not warrant federal habeas relief." *Id.*  The Court denied Spence's third ground for relief because "there is no constitutional right to appeal a state conviction," and the third ground did not implicate federal law or a constitutional right.  *Id.* at 15 (citing *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975)).  Finally, the Court denied Spence's fourth ground for relief because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," and the decision to deny the writ was based on state law.  *Id.* at 16 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  Accordingly, the Initial Habeas Action was terminated on June 11, 2018.

### B.  Subsequent Proceedings Before the Second Circuit and This Court

On May 13, 2019, Spence filed a notice of appeal to the United States Court of Appeals for the Second Circuit (the "Second Circuit") to vacate this Court's judgment and for a certificate of appealability.  Doc. 19 at 1.  On December 12, 2019, the Second Circuit determined *sua sponte* that Spence's notice of appeal was untimely filed and therefore dismissed his appeal for lack of jurisdiction.  *Id*.

On January 23, 2020, in a separate action, *Spence v. Faucher*, Docket No. 20-298 ("Second Circuit Action"), Spence filed a "Motion for an Order Authorizing the District Court to Consider a Successive or Second Habeas Corpus Application Pursuant to 28 U.S.C. §§ 2244 (b), 2254 by a

Prisoner in State Custody" ("Motion to Authorize").  Second Circuit Action, Doc. 2.  Spence's

Motion to Authorize apparently argued that the first ground raised in his initial habeas petition

before this Court was a sufficient reason to grant the petition.  *See id.* at 3, 5.  However, he claimed

that his decision to raise three additional grounds related to his state court proceedings meant that

this Court's "hands were tied" and it could not rule in his favor.  *Id.* at 5.  He argued that a second

or successive claim focusing only on the first ground for relief would "show merit to grant" him

habeas relief.  *Id.*

On February 7, 2020, Spence filed a subsequent motion in the Second Circuit Action

asking for (1) permission to file a motion for certificate of appealability; (2) motion to proceed *in

forma pauperis*; and (3) motion to amend argument for relief sought ("Motion to Amend").  Second

Circuit Action, Doc. 10.  The substance of this Motion to Amend elaborated upon Spence's claim

that his *Miranda* rights were violated, which he asserted as the first ground for relief in the Initial

Habeas Action before this Court.

On February 21, 2020, the Second Circuit issued an order on all of Spence's motions in the

Second Circuit Action, which is excerpted in full below:

> Petitioner moves for leave to file a successive 28 U.S.C. § 2254
> petition, and for leave to amend his motion and to seek a certificate
> of appealability ("COA") and in forma pauperis ("IFP[")] status.
> Upon due consideration, it is hereby ORDERED that the request to
> amend is GRANTED, but the requests for a COA and IFP status are
> DENIED as unnecessary. *See Spitznas v. Boone*, 464 F.3d 1213,
> 1218 (10th Cir. 2006); *Liriano v. United States*, 95 F.3d 119, 123
> (2d Cir. 1996). It is further ORDERED that the motion for leave to
> file a successive § 2254 petition is DENIED because Petitioner has
> not made a prima facie showing that the requirements of 28 U.S.C.
> § 2244(b) are satisfied.
>
> First, Petitioner's claim that his statements to the police should have
> been suppressed was raised in his first § 2254 petition, and "[a]
> claim presented in a second or successive habeas corpus application
> under section 2254 that was presented in a prior application shall be

> dismissed." 28 U.S.C. § 2244(b)(1). Second, even if the claim is considered new, Petitioner does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2244(b)(2)(A), or newly discovered evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [him] guilty," 28 U.S.C. § 2244(b)(2)(B).

Second Circuit Action, Doc. 18 at 1-2.  On April 3, 2020, this order was docketed as a Mandate (the "Second Circuit's Mandate").  *Id.*, Doc. 20.

On July 28, 2020, Spence filed a letter notice in the Initial Habeas Action suggesting that the Second Circuit had "granted the motion to amend the original argument."  Doc. 21 at 1.  His letter also stated his intent to file "a motion to amend argument" directly with this Court.  Doc. 21 at 1.  In response to Spence's letter, on October 23, 2020, this Court issued an Electronic Order (the "October 23, 2020 Electronic Order") stating:

> The Second Circuit allowed Spence to amend his motion for a successive habeas petition, so that Spence can cure the deficiencies identified in the . . . April 3, 2020 Mandate. Contrary to Spence's suggestion that he may file an amended habeas petition directly with this district court (*see* Doc. 21), this Court does not have jurisdiction to hear Spence's successive habeas petition until the Second Circuit approves Spence's amended motion for leave to file such petition under § 2244(b). See 28 U.S.C. § 2244(b)(3)(A) (Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.); *Northrop v. United States*, No. 3:08CV1081(MRK), 2009 WL 750344, at *2 (D. Conn. Mar. 20, 2009) (holding that [g]iven the clear Second Circuit precedent holding that district courts lack jurisdiction over successive [habeas] motions filed without authorization from the Second Circuit, petitioner "was required to get authorization from the Second Circuit before bringing a successive [habeas] motion") (citing 28 U.S.C. §§ 2244(b)(3), 2255(h)).  For this reason, and in accordance with the Second Circuit's . . . Mandate, Spence must file an amended motion for leave to file a successive habeas petition under § 2244 in the Court of Appeals using the same docket number that he used for other appellate filings in this matter.

Dkt. 22.

On November 9, 2020, in the Second Circuit Action, Spence filed a letter expressing his confusion and asking the Second Circuit to provide "a set of authorization papers" so that this Court "can have the jurisdiction to move forward." Second Circuit Action, Doc. 26 at 2. On November 10, 2020, the Second Circuit informed Spence that his letter was "rejected for filing" because the "appeal is closed and [the Second Circuit] no longer has jurisdiction." *Id.*, Doc. 27 at 1. Accordingly, Spence's letter was returned to Spence.

On November 24, 2020, also in the Second Circuit Action, Spence filed papers designated as an "Amended Motion to Amend Argument." *Id.*, Doc. 28. In these papers, Spence asked the Second Circuit "to grant the amended motion, giving [this Court] the authorization required." *Id.* at 3. On November 24, 2020, these papers were deemed "received in a closed case" and returned to Spence. Second Circuit Action, Dkt. 29. In its corresponding Notice of Returned Papers, the Second Circuit stated:

> The Court has denied an authorization to file a second or successive application for a writ of habeas corpus. The denial of an authorization by the Court to file a second or successive application is not appealable, nor can it be used as the subject of petition for rehearing or a motion for consideration. See 28 U.S.C. § 2244(b)(3)(E).

*Id.*, Doc. 29 at 1.

On December 18, 2020, Spence filed papers in the Second Circuit Action designated as an "Amended Motion for Leave to File a Successive [Habeas] Petition § 2244." Second Circuit Action, Doc. 30 at 3. In these papers, Spence asked the Second Circuit to give this Court jurisdiction so that he can "proceed with the Second Circuit Court[']s Mandate to amend motion granted in [his] favor." *Id.* at 6. On December 21, 2020, these papers were deemed "received in a closed case" and returned to Spence. Second Circuit Action, Dkt. 31. In its corresponding Notice

of Returned Papers, the Second Circuit reiterated the finality of its decision denying Spence authorization to file a second or successive application for habeas relief in this District Court. *Id.*, Doc. 31.

### C.  The Present Motion and Spence's Release from Incarceration

On January 12, 2021, in the Initial Habeas Action, Spence filed papers designated as a motion to reconsider this Court's Initial Habeas Petition Denial. *See* Doc. 23.  On May 24, 2021, Spence filed additional papers in the Initial Habeas Action designated as an "Amended Motion to Reconsider Judgment." *See* Doc. 24.  Given Spence's amended "motion to reconsider," the Court denied his original "motion to reconsider" as moot.  Dkt. 26.  The Court refers to Spence's amended "motion to reconsider," the only pending motion in the Initial Habeas Action, as the Present Motion.

The Present Motion asks the Court to reconsider the Initial Habeas Petition Denial because "[c]onstitutional issues were overlooked."  Doc. 24 at 1.  A portion of the Present Motion relates to the alleged *Miranda* violation Spence asserted as the first ground for relief in his initial habeas petition before this Court.  *See id.* at 2-4.  However, Spence also asserts that he "has found new, more consequential, [c]onstitutional violations on the part of law enforcement."  Doc. 24 at 4.  For example, he argues that the officers present during his arrest "acted outside the scope of the warrant[,] which only specified that property was to be seized" in violation of his Fourth Amendment rights.  *Id.* (emphasis omitted).  In sum, he concludes that his "arrest and conviction violate his rights protected under the Fourth, Fifth, Sixth, and Fourteenth Amendments," and he is "actually innocent of the crime(s) charged."  *Id.*  Therefore, he requests that this Court "allow him to file an amended brief to focus only on the claims raised [in the Present Motion]."  *Id.*

On August 1, 2021, Spence wrote to inform this Court of his new address, which is "not the address of a correctional facility" because he is "no longer incarcerated."  Doc. 25 at 1.  As discussed above, on September 23, 2013, Spence was sentenced to a term of imprisonment of eighteen years, execution suspended after nine years, followed by twenty years of probation with special conditions.  Based on Spence's sentence and on his representation that he is no longer incarcerated, the Court assumes that, as of August 1, 2021, Spence has been on probation with special conditions.[1]

## II.    DISCUSSION

### A.  Spence's Present Motion Should be Treated as a Second or Successive Habeas Petition, which this Court Does Not Have Authorization to Consider

It is well-established that "[*p*]*ro se* submissions are reviewed with 'special solicitude,' and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Bloodywone v. Bellnier*, 778 F. App'x 52, 53 (2d Cir. 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)); *see also Boykin v. KeyCorp.*, 521 F.3d 202, 214

---

[1]    The fact that Spence is no longer incarcerated does not moot Spence's claim because he is still serving his sentence.  The power of federal courts is limited by the United States Constitution to resolving live "cases" and "controversies."  U.S. Const. art. 3 § 2.  This requirement means that "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).  "In the habeas context, if a petitioner challenges a conviction for which he is still serving a sentence, this linkage is obviously satisfied."  *Cantoni v. Leclair*, No. 12 CIV. 4353 VEC MHD, 2015 WL 518226, at *9 (S.D.N.Y. Feb. 9, 2015).  Moreover, the Court has jurisdiction over the Present Motion because Spence was "in custody pursuant to the judgment of a State court" at the time the Present Motion was filed and at the time Spence's initial habeas motion was filed.  28 U.S.C. § 2254(a).  This would be true even if Spence was on probation with special conditions at the time the Present Motion was filed.  "An individual on probation or parole is 'in custody' for purpose of federal habeas corpus proceedings."  *Rosato v. N.Y. Cty. Dist. Attorney's Office*, No. 09-CV-3742 (DLC), 2009 WL 4790849, at *4 (S.D.N.Y. Dec. 14, 2009) (citing *U.S. ex rel. B. v. Shelly*, 430 F.2d 215, 217 n.3 (2d Cir. 1970)); *see also Jones v. Cunningham*, 371 U.S. 236, 240-43 (holding that parole satisfies the "in custody" requirement of habeas petitions); *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'").

(2d Cir. 2008) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

Spence calls the Present Motion an "Amended Motion to Reconsider Judgment."  The Present Motion does not reference any Local or Federal Rules.  However, the Court infers that the Present Motion was brought pursuant to Local Civil Rule 7(c), governing motions for reconsideration, and Federal Rule of Civil Procedure 60(b), governing relief from a final judgment. "The standard applied to motions under Rule 60(b) is substantially the same as that applied to motions for reconsideration pursuant to Local Civil Rule 7(c)."  *Ashby v. Quiros*, No. 3:17-CV-916, 2021 WL 1940540, at *1 (D. Conn. May 14, 2021).  If the Court were to construe the Present Motion under Local Civil Rule 7(c), it would be denied because Spence filed it several years too late.  Local Civil Rule 7(c) requires that a motion for reconsideration be "filed and served within seven (7) days of the filing of the decision of order from which such relief is sought."  The Court's Initial Habeas Petition Denial is dated June 7, 2018, and Spence did not file his initial "motion for reconsideration" or the Present Motion until 2021.  Therefore, he was well outside the timeframe during which he could have filed a motion for reconsideration.

However, the Court determines that the present motion is not actually a "true" Rule 60(b) motion; instead, it should be treated as a second or successive habeas petition subject to the requirements of 28 U.S.C. § 2244.   The Supreme Court has held that a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the relevant state court's judgment of conviction.  *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).  By contrast, it is a "true" 60(b) motion if it (1) only challenges a procedural ruling of the habeas court which precluded a merits

determination of the habeas application, *Gonzalez*, 545 U.S. at 532 n.4; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not lead inextricably to a merits-based attack on the disposition of a prior habeas petition, *id.* at 532-33. One example of a Rule 60(b) motion that should be treated as second or successive habeas petition is a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition.  *See id.* at 530-32.

The Present Motion apparently seeks to present at least one claim of constitutional error omitted from the movant's initial habeas petition.  Spence's initial habeas petition asserted four grounds for habeas relief.  The first ground alleged that Spence's *Miranda* rights were violated on the day of his arrest; the other three grounds related to claimed errors during state court proceedings related to his conviction.  In the Present Motion, Spence asserts that he "has found new, more consequential, [c]onstitutional violations," including the allegation that his Fourth Amendment rights were violated because the officers present during his arrest acted outside the scope of the applicable warrant.  Doc. 24 at 4.  Spence did not present the allegation that his Fourth Amendment rights were violated in his initial habeas petition, and the Present Motion asks this Court to allow Spence to file an amended brief to focus only on the "new" constitutional claims it raises.  *Id.*  The Present Motion also apparently seeks to reassert a federal basis for relief from the underlying conviction by (1) restating the alleged *Miranda* violation from his initial habeas petition; and (2) claiming that his "arrest and conviction violate his rights protected under the Fourth, Fifth, Sixth, and Fourteenth Amendments."  *Id.* at 5.

Therefore, the Present Motion is properly characterized as a second or successive habeas petition.  Second or successive habeas petitions are subject to the requirements of 28 U.S.C. § 2244.  This statute restricts the power of the federal courts to entertain such petitions.  Before

Spence may file a second or successive petition challenging his state conviction in this district court, he must successfully apply to the Second Circuit for an order authorizing the district court to consider the petition.[2]  *See* 28 U.S.C. § 2244(b)(3).

### B. Transfer of the Present Motion to the Second Circuit Would Be Improper, since the Court Interprets the Second Circuit's Mandate Denying Authorization as a Final Order

The Second Circuit has established a procedure by which a district court can transfer a second or successive petition for habeas corpus when it is filed in the district court unaccompanied by the required Second Circuit authorization.  *See generally Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996), *as amended* (Oct. 7, 1996).  Implementing this procedure would result in Spence having the opportunity to file a motion in the Second Circuit to authorize this Court to consider his second or successive petition.  *See id.* at 123.  However, effectuating such a transfer in this case would be improper because Spence already requested such authorization in the Second Circuit Action, and this Court interprets the Second Circuit's Mandate denying this request as a final order.

The Court notes that Spence's filings in the Second Circuit Action reflect apparent confusion about the finality of the Second Circuit's Mandate filed on April 3, 2020.  For example, Spence's December 18, 2020 filing in the Second Circuit Action refers to the "Second Circuit Court[']s Mandate to amend motion granted in [his] favor."  Second Circuit Action, Doc. 30 at 6; *see also id.*, Doc. 26 at 1 (noting his confusion and stating his intent to argue an "amended

---

[2]      Section 2244 imposes the following requirements on filing second or successive petitions: "First, any claim that has already been adjudicated in a previous petition must be dismissed," *Gonzalez*, 545 U.S. at 529-30 (citing 28 U.S.C. § 2244(b)(1)); "[s]econd, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence," *id.* at 530 (citing 28 U.S.C § 2244(b)(2)); and, "[t]hird, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions," *id.* (citing 28 U.S.C. § 2244(b)(3)).

motion").  This confusion may stem from Spence's belief that (1) the Second Circuit's Mandate granted him the right to amend his Motion for Authorization in subsequent filings and (2) therefore the denial of this motion in the Second Circuit's Mandate was *not* final.  This belief may be rooted in his interpretation of the following language in the Second Circuit's Mandate:

> Upon due consideration, **it is hereby ORDERED that the request to amend is GRANTED**, but the requests for a COA and IFP status are DENIED as unnecessary. *See Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). **It is further ORDERED that the motion for leave to file a successive § 2254 petition is DENIED** because Petitioner has not made a prima facie showing that the requirements of 28 U.S.C. § 2244(b) are satisfied.

Second Circuit Action, Doc. 20 at 1 (emphasis added).  In the Second Circuit Action, Spence filed his Motion to Authorize first.  Then, before the Second Circuit had ruled on Spence's Motion to Authorize, he separately filed his Motion to Amend.

The following discussion is meant to address any confusion on Spence's part.  In sum, the Court determines that Spence's apparent interpretation of the Second Circuit's Mandate is incorrect.  The Court instead interprets the Second Circuit's Mandate to be a final order on Spence's Motion for Authorization, which does not afford him any subsequent right to amend.

The Notices of Returned Papers filed in the Second Circuit Action on November 24, 2020 and December 21, 2020 ("Notices of Returned Papers"), discussed *supra* at 6-7, emphasize that the Second Circuit denied Spence's motion for authorization and that this denial represents a final order.  *See also* Second Circuit Action, Doc. 27 at 1 ("[A]ppeal is closed and this Court no longer has jurisdiction").  The Notices of Returned Papers do not reference any right in the Second Circuit Action for Spence to subsequently amend his Motion to Authorize.  They also note that the papers Spence apparently filed in an effort to obtain authorization "are being returned."  *Id.*, Doc. 29 at 1; Doc. 31 at 1.

The Court interprets the Second Circuit's Mandate as follows.  In the Second Circuit's Mandate, the Second Circuit granted Spence's Motion to Amend as a first step.  Then, considering the arguments advanced in Spence's Motion to Amend as part of its decision, the Second Circuit issued a final order denying Spence's Motion for Authorization.[3]  This interpretation differs from Spence's interpretation of the Second Circuit's Mandate.  Under Spence's interpretation, the Second Circuit denied Spence's initial Motion for Authorization as a first step; then, the Second Circuit granted Spence the right to amend his initial Motion for Authorization in a subsequent filing.  The Court finds that the Court's interpretation of the Second Circuit's Mandate fits more comfortably with the language of the Notices of Returned Papers.  Based on this interpretation of the Second Circuit's Mandate as a final order, the Court declines to transfer the Present Motion.

### III.  CONCLUSION

For the foregoing reasons, the Present Motion, Doc. 24, is DENIED.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         March 30, 2022

                                        /s/ Charles S. Haight, Jr.
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge

---

[3]     The Court notes that its October 23, 2020 Electronic Order stated that "[t]he Second Circuit allowed Spence to amend his motion for a successive habeas petition, so that Spence can cure the deficiencies identified in the. . . April 3, 2020 Mandate." Dkt. 22.  It also stated that "Spence must file an amended motion for leave to file a successive habeas petition under § 2244 in the Court of Appeals using the same docket number that he used for other appellate filings in this matter."  *Id*.  These statements may contradict the Court's present interpretation of the Second Circuit's Mandate, which is predominantly based on the language of the Notices of Returned Papers filed on November 24, 2020 and December 21, 2020 in the Second Circuit Action. Therefore, this language is stricken from the Court's October 23, 2020 Electronic Order.